UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

**CASE NO.**

PAUL CAMPBELL,

    Plaintiff,

v.

NATHAN GATES, Individually,
ADRIEN SUE SLOMA, and
PILOT TRAVEL CENTERS, LLC
d/b/a PILOT FLYING J and
CITY OF SOUTH BEND,

    Defendants.

_____/

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

Plaintiff, PAUL CAMPBELL, by counsel, files this Complaint for damages against Defendants, NATAN GATES ("GATES"), ADRIEN SUE SLOMA ("SLOMA"), PILOT TRAVEL CENTERS, LLC ("PILOT"), CITY OF SOUTH BEND and states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction in this matter is pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

2. The subject cause of action occurred in South Bend, St. Joseph County, Indiana.

3. This is an action arising under 42 U.S.C. §§ 1983 and 1988, the Fourth Amendment of the United States Constitution, and Indiana state law.

**PARTIES**

4. At all times relevant herein, Plaintiff was a resident of Wisconsin.

5. At all times relevant herein, NATHAN GATES was a South Bend police officer.

6. At all times relevant herein, GATES was acting under the color of law and was an agent, servant and/or employee of the City of South Bend and acting in his scope of employment.

7. At all times relevant herein, SLOMA was a resident of St. Joseph County, Indiana.

8. At all times relevant herein, PILOT TRAVEL CENTERS, LLC d/b/a Pilot Flying J, is and was a Foreign Limited Liability Company licensed to do business in Indiana with a PILOT truck stop located at 6424 W. Brick Rd., South Bend, Indiana.

9. At all times relevant herein, ADRIEN SUE SLOMA was an employee at the PILOT located at 6424 W. Brick Rd., South Bend, Indiana, and her actions were taken in the course and scope of her employment at PILOT.

**GENERAL ALLEGATIONS**

10. This incident occurred on September 21, 2018, at the PILOT located at 6424 W. Brick Rd., South Bend, Indiana.

11. On September 21, 2018, CAMPBELL was required to get off of the road because he met his hours of service under the Federal Motor Carrier Safety Administration regulations.

12. CAMPBELL pulled into PILOT and parked his tractor-trailer in a stall that was apparently a paid parking stall and he went to sleep.

13. CAMPBELL was woken up from a deep sleep when someone pounded on his tractor. The person who pounded on his tractor did not identify himself/herself while pounding on his tractor.

14. CAMPBELL opened up his tractor door and descended the cab.

15. At the moment that CAMPBELL reached the ground, GATES without provocation tased CAMPBELL, which caused severe pain and propelled him to the ground.

16. CAMPBELL was arrested and subsequently charged with a level 5 felony for battery resulting in serious bodily injury for battery against SLOMA and a level 6 felony for battery against GATES.

17. Probable cause for the charge against CAMPBELL regarding SLOMA were based on her statement that CAMPELL struck her with his truck door, SLOMA'S statement was patently false as captured on GATES' vehicle surveillance video.

18. On April 12, 2019, SLOMA swore under oath that:

- Campbell's truck door struck her in the face;

- that being struck by the truck door knocked her into the truck that was next to Campbell;
- that Campbell jumped out of the truck and slammed her into the truck again; and
- that Campbell then shook his hands and shoved the cop;

these statements were false as documented by video surveillance and perpetuated the prosecution.

19. Probable cause for the charge against CAMPBELL regarding GATES was based on GATES statements that CAMPBELL was swinging his arms at GATES and pushed him backwards. GATES' statements were patently false as captured on his bodycam surveillance.

20. GATES swore under oath on April 12, 2019 that Campbell:

- jumped off of his truck swinging his arms at him;
- made contact with him; and
- pushed him backwards.

GATES statements were false as captured on his bodycam surveillance.

21. On October 28, 2019, the State filed a motion to dismiss the criminal matter. The case was dismissed on November 1, 2019.

### COUNT I – DEPRIVATION OF CIVIL RIGHTS(42 U.S.C.§ 1983) EXCESSIVE FORCE DEFENDANT GATES

22. CAMPBELL incorporates rhetorical paragraphs 1 through 21 herein.

23. GATES was in the course and scope of his employment as a South Bend Police Officer, when he tased CAMPBELL using excessive and unreasonable force.

24. GATES' behavior was uncalled for, unnecessary and objectively unreasonable in that he had no probable cause to believe that CAMPBELL had committed a crime. When he arrived at GATES acknowledged that CAMPBELL was sleeping in his tractor.

25. Acting under the color of state law, as agent of and with authority of the City of South Bend, GATES intentionally deprived CAMPBELL of his constitutional rights, including but not limited to those under the Fourth Amendment:

   a) Subjecting CAMPBELL to punishment without the benefit of trial by jury in violation of his Fourth Amendment rights;
   b) Depriving CAMPBELL of due process of law including his right to be secure in his person and to be free from the use of unreasonable and excessive force when he utilized a taser and electrocuted Plaintiff;

26. GATES actions were objectively unreasonable.

27. By reason of the foregoing, GATES violated 42 U.S.C. § 1983.

28. As a direct and proximate result of GATES's actions, CAMPBELL suffered bodily injury, humiliation, embarrassment, lost income, incurred legal fees, physical and mental pain and anguish.

WHEREFORE, PAUL CAMPBELL demands judgment against GATES for compensatory damages, punitive damages, applicable costs and attorney's fees pursuant to 42 U.S.C. § 1988.

## COUNT II – DEPRIVATION OF CIVIL RIGHTS(42 U.S.C.§ 1983) FALSE ARREST/IMPRISONMENT DEFENDANT GATES

29. CAMPBELL incorporates rhetorical paragraphs 1 through 28 herein.

30. GATES violated CAMBPELL'S Fourth Amendment rights to be free from unlawful seizure when he arrested and further detained CAMPBELL without a warrant or probable cause.

31. As a direct and proximate result of GATES's actions, CAMPBELL humiliation, embarrassment, lost income, incurred legal fees, physical and mental pain and anguish.

WHEREFORE, PAUL CAMPBELL demands judgment against GATES for compensatory damages, punitive damages, applicable costs and attorney's fees pursuant to 42 U.S.C. § 1988.

## COUNT III – MALICIOUS PROSECUTION GATES

32. CAMPBELL incorporates by reference rhetorical paragraphs 1 through 28 herein.

33. Indiana does not provide a state court remedy for CAMPBELL for malicious prosecution because it is barred by the Indiana Tort Claims Act.

34. Acting under the color of state law, as agent of and with authority of the City of South Bend, GATES intentionally deprived CAMPBELL of his constitutional rights under the Fourth Amendment by causing to institute criminal charges against CAMPBELL without probable cause, with malice in an attempt to

justify the excessive force used on CAMPBELL. GATES further propagated the malicious prosecution when he testified under oath that CAMPBELL was swinging his arms at him, made contact with him and pushed him backwards.

35. The original action was terminated in CAMPBELL's favor on October 28, 2019 when the State of Indiana dismissed the charges.

36. As a direct and proximate result of GATES action, CAMPBELL's due process rights were violated, he lost liberty, had travel to Indiana on multiple occasions to attend court, had to comply with the requirements of pre-trial supervision, lost income, experienced mental pain and anguish, humiliation, embarrassment and incurred legal fees.

WHEREFORE, PAUL CAMPBELL demands judgment against GATES for compensatory damages, punitive damages, applicable costs and attorney's fees pursuant to 42 U.S.C. § 1988.

### COUNT IV – MALICIOUS PROSECUTION SLOMA

37. CAMPBELL incorporates by reference rhetorical paragraphs 1 through 21 herein.

38. At the time of the incident, SLOMA made up a story that CAMPBELL struck her in the head.

39. SLOMA's patently false statement instituted a criminal action for battery causing serious bodily injury.

7

40. SLOMA's statement was made with malice as she intended the criminal charges to be a basis for a civil claim against CAMPBELL.

41. The original action was terminated in CAMPBELL's favor on October 28, 2019, when the State of Indiana dismissed the charges.

42. As a direct and proximate result of SLOMA's actions and statements, CAMPBELL was arrested and subject to legal process for a battery, which did not happen, had to travel to Indiana on multiple occasions to attend court, had to comply with the terms of pre-trial supervision, lost income,

WHEREFORE, PAUL CAMPBELL demands judgment against SLOMA for compensatory damages and applicable costs.

## COUNT V – VICARIOUS LIABILITY - PILOT

43. CAMPBELL incorporates by reference rhetorical paragraphs 1 through 21.

44. At all times relevant herein, SLOMA was acting the course and scope of her employment and in furtherance of PILOT's business operations.

45. PILOT is responsible for SLOMA's actions under the theory of respondeat superior.

46. As a direct and proximate result of SLOMA's actions CAMPBELL suffered bodily injury, humiliation, embarrassment, lost income, legal fees, physical and mental pain and anguish.

WHEREFORE, PAUL CAMPBELL demands judgment against PILOT for compensatory damages and applicable costs.

**COUNT VI – MUNICIPAL LIABILITY - CITY OF SOUTH BEND**

47. CAMPBELL incorporates by reference rhetorical paragraphs 1 through 36.

48. At all times relevant herein, City of South Bend was a municipal corporation.

49. As described in the preceding paragraphs, the misconduct described in Counts I - III was undertaken under the policy and practice of the City of South Bend, such that Defendant City of South Bend is also liable, in that:

> a) As a matter of both policy and practice, the City of South Bend encourages, and is thereby the moving force behind, the very type of misconduct at issue in Counts I - III by failing to adequately train, supervise, control and discipline its officers such that its failure to do so manifests deliberate indifference.
>
> b) As a matter of both policy and practice, The City of South Bend facilities the very type of misconduct at issue in Count I and II by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby leading South Bend police officers to believe their actions will not be scrutinized. Accordingly, in that way, City of South Bend directly encourages future use of excessive force like complained of by Campbell.
>
> c) Generally, as a matter of widespread practice so prevalent as to comprise a municipal policy, South Bend police officers violate the constitutional rights of individuals in a manner similar to that alleged by Paul Campbell in Counts I -III on a regular basis, however, the South Bend Police Department investigates officer misconduct and makes findings of wrongdoing in a disproportionately small number of cases.

50. As a direct and proximate result of the City of South Bend's policies and practices, and the unreasonable conduct of GATES, CAMPBELL has suffered injury.

WHEREFORE, PAUL CAMPBELL demands judgment against CITY OF SOUTH BEND for compensatory damages, applicable costs and attorney's fees pursuant to 42 U.S.C. § 1988.

**JURY DEMAND**

Plaintiff demands trial by jury.

Respectfully submitted,

_____
Guy S. DiMartino
Guy S. DiMartino, PC
1411 S. Woodland Ave.
Suite D
Michigan City, IN 46360
(219) 690-8997 – Phone
(866) 887-3026 – Fax
gsd@gsdimartino.com - Email